**UNITED STATES of America,**
**Appellee,**

v.

**Mohamed SOW, also known as Mamadou Diallo, also known as Mohamed Balde, Defendant–Appellant.**

**No. 03–1525–CR.**

United States Court of Appeals,
Second Circuit.

Nov. 29, 2004.

B. Alan Seidler, New York, NY, for Appellant.

Steven D. Feldman, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York, Peter G. Neiman, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

PRESENT: WALKER, Chief Judge, POOLER, and WESLEY, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Mohamed Sow appeals from a sentence imposed on August 18, 2003 in the United States District Court for the Southern District of New York (Laura Taylor Swain, *Judge* ). Sow was convicted for trafficking in counterfeit labels of compact discs, in violation of 18 U.S.C. § 2318, and sentenced principally to 60 months' imprisonment and a $125,000 fine. Familiarity with the facts and procedural background is assume.

Sow initially raised several challenges to his conviction and sentence, but at oral argument conceded the bulk of his claims.

His remaining contention is that the district court erred in its determination of the infringement amount for purposes of offense-level enhancement under U.S.S.G. §§ 2B5.3(b)(1) and 2F1.1(b)(1).*

The primary argument in Sow's favor was candidly raised by the government. It is that the district court erred in referring to Application Note 8 of § 2F1.1 in determining whether the sheets of blank 11–by–17 paper should be counted as infringing items. Section 2B5.3(b)(1) instructs the sentencing court to refer to "the table in § 2F1.1" to determine the appropriate offense-level enhancement *if* the infringement amount exceeds $2,000. It provides no basis, however, for referring to § 2F1.1 in order to determine the infringement amount itself. Thus, reference to § 2F1.1 for this preliminary purpose was in error.

Moreover, in referring to § 2F1.1 at this preliminary stage, the district court looked not to the table that is mentioned in § 2B5.3(b)(1), but instead to Application Note 8 to § 2F1.1. In light of our decision in *United States v. Koczuk*, 252 F.3d 91, 97–98 (2d Cir.2001), this reference to an application note to § 2F1.1 while setting a sentence under § 2B5.3 was error. On remand, the district court should calculate the infringement amount without regard to § 2F1.1 or its application notes.

Sow also objects to the $15 per CD figure employed by the district court (though Sow has conceded that the CDs, rather than the labels, were the infringed items, and that the retail value of CDs is the appropriate amount to use under U.S.S.G. § 2B5.3(b), cmt. n.2), as well as to the 30% reduction employed in determin-

---

* Sow was sentenced under the November 2000 version of the Sentencing Guidelines. The Guidelines have since been modified.

ing the total infringement amount. On remand, Sow may present to the district court any argument concerning the infringement amount that he preserved at his original sentencing and that he did not concede on appeal.

The mandate in this case will be held pending the Supreme Court's decision in *United States v. Booker,* — U.S. —, 125 S.Ct. 11, 159 L.Ed.2d 838 (2004), and *United States v. Fanfan,* — U.S. —, 125 S.Ct. 12, 159 L.Ed.2d 838 (2004). Should any party believe there is a need for the district court to exercise jurisdiction prior to the Supreme Court's decision, it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, the court will not reconsider those portions of this order that address the defendant's sentence until after the Supreme Court's decision in *Booker* and *Fanfan.* In that regard, the parties will have until fourteen days following the Supreme Court's decision to file supplemental petitions for rehearing in light of *Booker* and *Fanfan.*

For the foregoing reasons, the sentence is VACATED and REMANDED for re-sentencing.